IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JEREMY WAYNE MCCLARD
ADC #652338                                                                                      PLAINTIFF

v.                                      Case No. 5:13-cv-315 KGB

WENDY KELLEY, Director,
Arkansas Department of Correction                                                DEFENDANT

## ORDER

The Court has received the Proposed Findings and Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 28). Defendant Wendy Kelley, as the Director of the Arkansas Department of Correction, and plaintiff Jeremy McClard each filed objections to the Recommendation (Dkt. Nos. 30, 31). Director Kelley has responded to Mr. McClard's objections (Dkt. No. 32). After carefully considering the Recommendation, objections, and responses, and conducting a *de novo* review of the record, the Court hereby approves and adopts the Recommendation in its entirety as this Court's findings in all respects. The Court dismisses with prejudice Mr. McClard's petition for writ of *habeas corpus* under 28 U.S.C. § 2254 (Dkt. No. 2-1). The Court denies a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court writes separately to address certain objections. Director Kelly objects to the Recommendation insofar as it determines that Mr. McClard's first two claims of ineffective assistance of counsel were procedurally defaulted at the initial post-conviction review proceeding and should be analyzed under the rubric set forth in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Mr. McClard first raised his ineffective assistance of counsel claims on November

26, 2012, when he filed a *pro se* petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37. On February 5, 2013, the trial court dismissed the Rule 37 petition because Mr. McClard had not served the prosecuting attorney. Mr. McClard did not appeal the trial court's decision. Director Kelley contends that the Arkansas trial court erroneously denied Mr. McClard's Rule 37 petition but that, because Mr. McClard failed to appeal such denial, his ineffective assistance of counsel claims are nonetheless defaulted. Director Kelly argues that, because Mr. McClard's failure to appeal the Arkansas trial court's erroneous dismissal of these claims resulted in the default of these claims, the *Martinez* analysis cannot excuse the default and this Court cannot review the claims, citing *Martinez* and *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012).

"Ordinarily a federal court reviewing a state conviction in a [§2254] proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Arnold*, 675 F.3d at 1086. "The claims must be presented in a timely and procedurally correct manner so as to allow review on the merits, and a failure to do so results in a procedural default." *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992). In *Martinez*, however, the Supreme Court held that a *habeas* petitioner may rely on a lack of counsel or ineffective assistance of counsel at the initial step of post-conviction review to argue that "cause" excuses a procedural default of an ineffective assistance of counsel claim. The Court in *Martinez* stated:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320.

In *Arnold*, the Eighth Circuit Court of Appeals held that "*Martinez* offers no support, however, for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause." 675 F.3d at 1082. The *Arnold* Court emphasized that the petitioner in its case "d[id] not claim that his counsel in his initial-review collateral proceeding was ineffective. Arnold's multiple ineffective assistance claims were litigated in his initial-review collateral proceeding, but not preserved on appeal. Thus, unlike in *Martinez*, Arnold has already had his day in court; deprivation of a second day does not constitute cause." *Id.* at 1087.

Magistrate Judge Ray concluded that the *Martinez* exception must be considered in regard to Mr. McClard's first two ineffective assistance of counsel claims after finding that "McClard first defaulted these two claims when he failed to properly serve his *pro se* Rule 37 petition, *i.e.*, at the initial level of collateral review" (Dkt. No. 28, at 11 n.9). Director Kelley argues that this conclusion relies on an incorrect interpretation of Arkansas law. Citing the language of Arkansas Rule of Criminal Procedure 37, Director Kelley argues that, "the failure to serve a Rule 37 petition on the prosecuting attorney is not grounds for default under the state rule," meaning that "a *Martinez* analysis is unnecessary because the default occurred when petitioner failed to appeal the denial of his Rule 37 petition" (Dkt. No. 30, at 2-3). Director Kelley asks this Court to adopt the Recommendation as modified in conformity with her understanding of Rule 37. In effect, she asks that the Court determine when the procedural default occurred—upon the trial court's erroneous dismissal or upon Mr. McClard's failure to appeal the trial court's dismissal. Director Kelley has not cited a case that addresses this specific issue, and the Court is not aware of such a case.

The Court declines to rule on when Mr. McClard procedurally defaulted because his *habeas* petition fails regardless. To the extent that the Arkansas trial court's potentially

erroneous dismissal of Mr. McClard's Rule 37 petition constitutes the procedural default of his claims at the initial post-conviction review, this Court may excuse Mr. McClard's procedural default if he meets the requirements set forth in *Martinez*. *See Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014). In the Recommendation, Judge Ray analyzed Mr. McClard's ineffective assistance of counsel claims under the *Martinez* rubric, determining that Mr. McClard's claims were not "substantial" enough to excuse the procedural default. This Court approves and adopts Judge Ray's analysis in its entirety. To the extent that Mr. McClard's failure to appeal the Arkansas trial court's dismissal constitutes the procedural default, Mr. McClard's claims are procedurally barred under Arkansas law and unreviewable by this Court under *Martinez* and *Arnold*. *See Proctor v. State*, 60 S.W.3d 486, 488 n.1 (Ark. Ct. App. 2001) ("Arguments not raised on appeal are deemed waived."); *see also Arnold*, 675 F.3d at 1082-87.

As to Mr. McClard's objections to the Recommendation, the Court finds that these objections largely restate arguments from Mr. McClard's reply to Director Kelley's response to Mr. McClard's *habeas* petition. The Court approves and adopts the Recommendation's resolution of these arguments, and the dismissal of Mr. McClard's petition, in their entirety. Therefore, the Court dismisses with prejudice Mr. McClard's petition for writ of *habeas corpus* under 28 U.S.C. § 2254 (Dkt. No. 2-1). The Court denies a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

SO ORDERED this 24th day of November, 2015.

_____
Kristine G. Baker
United States District Judge